Bernard L. ALPERT, Regional Director of the First Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

SPRINGFIELD BUILDING AND CONSTRUCTION TRADES COUNCIL; Carpenters' District Council of Springfield, Massachusetts, and Local Union No. 1 of The Bricklayers, Masons and Plasterers International Union of America, AFL-CIO, Respondents.

Civ. A. No. 57-722.

United States District Court
D. Massachusetts.

Aug. 27, 1957.

Bernard L. Alpert, Reg. Dir. Labor Relations Board, Boston, Mass., Jacques Schurre, Washington, D. C., for petitioner.

John I. Robinson, Norris E. Dibble, Springfield, Mass., for respondents.

Arthur M. Marshal, Springfield, Mass., for charging party.

SWEENEY, Chief Judge.

This is a proceeding brought under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 141 et seq. There is before me now a motion to vacate an order granting a temporary injunction against the respondents. The following are the relevant facts.

Leo Spear Construction Company (hereinafter Spear) bid for and was awarded the job of building an addition to the town hall of Southwick, Massachusetts. In conformance with the Public Works Act, Mass.G.L.(Ter.Ed.) Chapter 149, §§ 44A–44L, Spear in his bid named the two subcontractors, Rogers Heating & Engineering Company (hereinafter Rogers) and Valley Electric & Heating Service (hereinafter Valley). Spear further sublet various portions of the construction work to other contractors all of whom employ union help. One of these, Hampden Construction Corporation who was to do the masonry and brick work on the town hall addition, employs members of the respondent, Local Union No. 1 of the Bricklayers, Masons and Plasterers International Union of America, AFL-CIO (hereinafter Bricklayers). Spear has a contract with the respondent Springfield Building and Construction Trades Council (hereinafter Springfield). Both Rogers and Valley employ non-union workers, at least in part.

After receiving the award and in order to avoid trouble with the respondents Spear arranged with the town of Southwick to have Rogers and Valley execute separate contracts with the town. This act was contrary to the provisions of the Public Works Act, cited above and was therefore illegal. Consequently, on the day of the strike, July 8, 1957, the original contract was in force. On that day agents of the respondents told their members on the town hall job that non-union workers would be employed to install the wiring and heating systems. As a result the men walked off the job. The

court enjoined this strike on the ground that it was premature as no non-union workers had in fact appeared on the job when the strike began. Since then Rogers' and Valley's employees have started work on the town hall and I have to reconsider the original petition and the defenses thereto on their merits.

 The petition charges the respondents with having committed an unfair labor practice in violation of § 8(b) (4) (A) of the National Labor Relations Act which makes it unlawful for a labor union or its agents "to engage in, or to induce or encourage the employees of any employer to engage in, a strike * * * where an object thereof is: forcing * * any employer * * * to cease doing business with any other person." The first defense, relied on only by Springfield, is based on the following clause in its contract with Spear: "12. Members are not allowed to work with non-union Carpenters or Craftsmen specified by the District Council nor with apprentices not recognized by the District Council." This the respondent terms a "hot cargo" clause. I do not accept this defense. The language of § 8(b) (4) (A) is clear and unequivocal in prohibiting exactly the kind of activity complained of here, namely forcing Spear and the town of Southwick to cease doing business with Rogers and Valley. Furthermore, I am not at all certain that the clause in question can properly be termed a "hot cargo" clause. Springfield's members do not have to work on unfair goods; they are merely working on the same project with non-union workers whose job is entirely different. Rabouin v. National Labor Relations Board, 2 Cir., 195 F.2d 906, cited by the respondents is not analogous as that dispute involved the use of non-union truck drivers in a closed shop.

 Both respondents claim as their second defense that the Public Works Act has a built-in "hot cargo" clause in the following language: * * * the bidder "shall certify that he is able to furnish labor that can work in harmony with all other elements of labor employed or to be employed on the work". To term this section a "hot cargo" clause is indeed stretching a point. This statute regulates the awarding of contracts for public building projects and imposes certain requirements on the general contractor, but certainly was not intended to legalize action on the part of the union which is unlawful under federal law.

The third defense is that this proceeding is moot as the job will have to be rebid to comply with the Public Works Act. The respondents argue that the contract modification resulting in three separate contracts for Spear, Rogers and Valley was illegal. I have already disposed of this argument above.

The motion to vacate the injunction is therefore denied. However, the injunction issued by this court was to apply only to the Southwick job and does not extend to any other jobs over which Spear has supervision or on which the respondents' members are working.